STATE OF VERMONT

ENVIRONMENTAL COURT

| | | |
|---|---|---|
| | } | |
| Bergmann Act 250 Subdivision Application | } | Docket No. 158-8-05 Vtec |
| | } | |

<u>Decision and Order on Applicants' Motion for Summary Judgment</u>

Appellant-Applicants Charles and Hermine Bergmann appealed from a decision of the District Environmental Commission #2 (District Commission) denying an Act 250 (10 V.S.A. Chapter 151) land use permit amendment (#2W0611-2) for a subdivision in the Town of Newfane. Appellant-Applicants are represented by Stephen R. Phillips, Esq. No other party entered an appearance in this matter.

The District Commission had denied Appellant-Applicants' application for an Act 250 land use permit amendment for the subdivision, concluding that the proposed access road would not comply with Act 250 Criteria 5, 7, and 9(K), which address issues of traffic safety, impact on the municipality, and public investment, even though the Commission found that the average of 32 vehicle trips per day expected to be generated by the proposed subdivision was within the existing road capacity. Appellant-Applicants have moved for summary judgment; as no other party filed any contrary affidavits or exhibits, the following facts are undisputed.

The property at issue in the present appeal originally consisted of 101 acres of land located easterly[1] of Auger Hole Road and southeasterly of Dover Road, in the South Newfane area of the Town of Newfane. Auger Hole Road merges with Dover Road along the westerly boundary of the property; both roads are controlled by stop signs in their

---

[1] The directions in this decision are taken from the north directional arrow on Exhibit J, the plan of the entire property, rather than that on Exhibit I, a detail of the area of the access road and the Auger Hole Road/Dover Road intersection.

1

northbound lanes at the merger location. A 1,850-foot-long private "woods road" extends onto the property easterly from Dover Road, just to the north of the merger of Auger Hole Road and Dover Road. A portion of the northeasterly boundary of the property has frontage on another roadway: Jones Hill Road.

In 1984, the District Commission had issued Land Use Permit #2W0611 to Appellant-Applicants' predecessors in title, authorizing the use of an existing large house on the property as a seven-room inn and thirty-seat restaurant. In 2003, the District Commission issued an amended Land Use Permit (#2W0611-1) to Appellant-Applicants, authorizing the creation of four lots: a 5.38-acre lot containing the previously-permitted inn and restaurant; an undeveloped 3.34-acre lot; a 2.02-acre lot with an existing residence, stable, and look-out building; and the then-remaining 90.6-acre-lot, unimproved except for an existing so-called "game building." The three smaller lots were all located northerly of the woods road.

In 2005, after a number of different proposals and the submission of a five-year plan for the original 101 acres of property, Appellant-Applicants submitted the application which is the subject of the present appeal. They seek approval of four new lots in addition to the four lots allowed by the 2003 permit; most of the lots are proposed to be served by a subdivision road in the location of the woods road. The lots are shown on the plan for the present proposal as: Lot 1, consisting of 5.2 acres of land on both sides of the woods road; Lot 2, consisting of 3.2 acres of land; Lot 3, consisting of 3.3 acres of land already sold under the 2003 permit; Lot 4, consisting of 3 acres between the "woods road" and Jones Hill Road; Lot 5 consisting of 3.5 acres of land; Lot 6, an L-shaped parcel with existing access by a right-of-way over Lot 7 to Dover Road, as well as access to the woods road, consisting of 2 acres of land improved with Appellant-Applicants' residence, a stable and a "look-out" building; Lot 7, consisting of 5.5 acres of land with the existing inn and restaurant building; and Lot 8, consisting of the remaining 75.3 acres of open, forested land

2

southerly of the woods road and easterly of Auger Hole Road.

Appellant-Applicants propose to construct a 16-foot-wide private access road extending easterly from Dover Road along the woods road. It will provide access for Lots 2, 3, 4 and 5. Lot 1 may have alternative access directly from Dover Road, Lot 4 may have alternative access directly from Jones Hill Road, Lot 8 may have alternative access from Auger Hill Road. The private access road is proposed to have two-foot-wide shoulders, 40-foot turnouts at driveway locations, and a cul-de-sac turnaround, with an extension to allow for the possibility of access onto the adjacent property to the east.

In this de novo appeal, the burden of demonstrating an adverse or unreasonable effect on Act 250 Criterion 5 (traffic safety) and on Act 250 Criterion 7 (impacts on the municipality) is on the party opposing the application, pursuant to 10 V.S.A. §6088(b). No party opposes Appellant-Applicants' application with regard to either Criterion 5 or Criterion 7, and no evidence was presented suggesting that the proposal will cause either "unreasonable congestion or unsafe conditions with respect to use of the highways" or that it places "an unreasonable burden on the ability of the local government[] to provide municipal or governmental services." 10 V.S.A. §§6086(a)(5), (7). By contrast, Appellant-Applicants presented evidence in an affidavit from a professional engineer, Robert K. Stevens, that the proposed access road is safe in relation to the Town's highways as designed, and that it will not place an unreasonable burden on the Town's ability to provide municipal services. As no contrary evidence has been presented, Appellant-Applicants have met their burden under Act 250 to show that the proposed subdivision's access road complies with Criteria 5 and 7.

Pursuant to 10 V.S.A. §6088(a), Appellant-Applicants have the burden of demonstrating that the subdivision will comply with Criterion 9(K), that is, that it will not unnecessarily or unreasonably endanger the public investment in the nearby town highway, and that it will not materially jeopardize or interfere with the function, efficiency,

3

or safety of, or the public's use or enjoyment of or access to the highway. 10 V.S.A. §6086(a)(9)(K).

The affidavit and exhibits associated with the affidavit of Appellant-Applicants' engineer show that the town roads, including the Dover Road, have the capacity to accommodate the twenty-five to fifty daily vehicle trips expected to be generated by the proposed subdivision, and that the proposed subdivision does not unnecessarily or unreasonably endanger the public investment in the Dover Road and other town roads in the vicinity. Based on the affidavit and exhibits of Appellant-Applicants' engineer, the subdivision will not require the installation of stop lights, stop signs, or materially increase the wear-and-tear or maintenance needs of the Dover Road. No party contested or controverted the engineer's findings or conclusions. Appellant-Applicants therefore have met their burden under Criterion 9(K) to show that the proposed subdivision will not unnecessarily or unreasonably endanger the Town's investment in Dover Road and other neighboring roads, nor will the subdivision materially jeopardize or interfere with the roads' functions, efficiency, or safety. 10 V.S.A. §6086(a)(9)(K).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant-Applicants' motion for summary judgment is GRANTED; the proposed subdivision is approved as proposed. This matter is hereby remanded to the District Commission for it to issue Act 250 Land Use Permit #2W0611-2, consistent with this Decision and Order and incorporating all elements of the District Commission's decision that were not raised as issues in this appeal, including all conditions stated in its decision that it would impose on those issues if it were issuing a permit.

Done at Berlin, Vermont, this 11th day of April, 2006.

_____
Merideth Wright
Environmental Judge

4